## STATE OF MAINE *vs.* WILLIAM J. ROACH.

### Cumberland.   Opinion May 1, 1883.

*Intoxicating liquor.   Cider.   Stat. 1880, c. 247.*

When cider is kept for sale as a beverage in quantities, less than five gallons, it is intoxicating liquor under the law, as amended by stat. 1880, c. 247, and the place where it is so kept for sale is a nuisance under the law, though when sold it is not used upon the premises.

ON EXCEPTIONS from superior court.

This was an indictment charging the respondent with keeping and maintaining a nuisance under the liquor law.

At the trial the presiding justice was requested to give the following instruction :

"Every man is presumed, in the absence of proof to the contrary, to obey and not violate the law ; and to constitute the offence charged in the indictment by reason of the sale of cider, it must be established by evidence that shall convince the jury beyond a reasonable doubt, that the cider sold was sold to be drunk on the premises where sold."

The request was refused and the respondent, the verdict being against him, alleged exceptions.

*Ardon W. Coombs,* county attorney, for the state.

*H. D. Hadlock,* for the respondent, contended, that the words "beverage" and "tipple" were synonomous, and cited the definitions of these words in Worcester's, Webster's and Richardson's dictionaries; and hence, that the cider acts of 1880, and of 1881, added nothing to the force of the statute in addition to what it contained in 1877, when the case of *State* v. *McNamara,* 69 Maine, 133, held that cider was only sold for tippling purposes when sold to be drunk on the premises.

The seller may not intend to sell as a beverage, but he can only control his own premises. He may prevent the purchaser from using it as a beverage on the premises. It is lawful to sell for certain purposes. The presumption must be that the sale was intended by the seller for a lawful purpose, especially when the case shows that so long as the seller could control the purchaser there was no unlawful use made of the cider. The legislature could not have intended to hold the seller responsible for the use made of the cider, after the purchaser had left the premises, and beyond the control of the seller.

DANFORTH, J. The respondent is charged with keeping a liquor nuisance under R. S., c. 17, § 1, as amended by c. 247, of the acts of 1880, by which, "all places used for the illegal sale, or keeping of intoxicating liquors, and all places of resort where intoxicating liquors are kept, sold, given away, drank, or dispensed in any manner, not provided for by law, are common nuisances." The proof relied upon to sustain the charge, is the sale of cider in less quantities than five gallons, not drunk upon the premises. Hence, under the first request for instructions, the only question arising is, whether under the law, cider thus sold, is intoxicating liquor, or prohibited as such.

By R. S., c. 27, § 22, as amended by c. 215, § 1, of the acts of 1877, cider was made intoxicating liquor "when kept or deposited with intent to sell the same for tippling purposes." This was the law, when the case of *State* v. *McNamara,* 69 Maine, 133, was decided. In that case it was held that to bring cider within the prohibition, applicable to intoxicating liquors, it must be kept for sale for "tippling purposes," and that these two words explained in the light obtained by their use in other statutes,

relating to the same subject matter, had acquired a legal, technical meaning, and to bring cider within that meaning, the sale must be for drinking upon the premises where sold; otherwise it was not considered intoxicating, or prohibited within the meaning of the law. This decision was made in 1879. In 1880, by c. 247, the same § 22 was again amended by the insertion of the words, "as a beverage," so that cider under the law, as it now is, is considered intoxicating when "kept to be sold for tippling purposes, or as a beverage." Under this law the present indictment was found.

It is evident that by this amendment the legislature intended to effect a change in the law; and that change must be to prohibit the keeping of cider for sale, when it was not prohibited before. It may be, and undoubtedly is, true, that the common meaning of "tippling purposes," and "beverage," as applied to the use of intoxicating liquors, is substantially the same. But as held in *State* v. *McNamara,* the former phrase had, by its use in legislative enactments, acquired a legal meaning, which the court felt bound to give it, in the construction of the statute that the intent of the legislature might be accomplished, while the latter has acquired no such meaning, and it is clear that the common one alone will give effect to the legislative intent.

It necessarily follows, that cider, under the present statute, must be considered an intoxicating liquor, and prohibited as such, when sold in less quantities than five gallons, to be used "as a beverage," whether so used upon the premises when sold, or elsewhere.

As the remaining exceptions are abandoned, it is unnecessary to consider them.

*Exceptions overruled.*
*Judgment for the state.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.